UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CIT BANK, N.A.,

                              Plaintiff,                         **REPORT AND RECOMMENDATION**

          -against-                                      CV 16-3586 (GRB)(AYS)

JAMES J. FINLEY, KATHLEEN A.
FINLEY, CLERK OF THE SUFFOLK
COUNTY DISTRICT COURT,

                             Defendants.
------------------------------------------------------------------X

**ANNE Y. SHIELDS, United States Magistrate Judge:**

      Before the Court, on referral from the Honorable Gary R. Brown for Report and Recommendation, is CIT Bank, N.A.'s ("Plaintiff" or "CIT Bank") renewed motion for damages, (Docket Entry ("DE") [67]), following the awarding of summary judgment in its favor. (Elec. Order of Brown, J., dated July 31, 2020.) For the reasons set forth below, this Court respectfully recommends that Plaintiff's motion be granted and that it be awarded its requested costs in the amount of $67,463.20.

BACKGROUND

      By way of a Complaint filed on June 29, 2016, Plaintiff commenced this foreclosure action against Defendants James Finley, Kathleen Finley (the "Finleys"), and the Clerk of the Suffolk County District Court (collectively, "Defendants"), seeking, among other things, to foreclose on a mortgage encumbering the real property located at 320 Atlantic Avenue in Bay Shore, New York (the "Property"). (Compl., DE [1].) The Finleys appeared pro se and filed their Answer on July 22, 2016. (DE [9].) Defendant Clerk of the Suffolk County District Court did not appear in this action and a notation of default was issued as to that defendant on August 17, 2016. (DE [11].)

1

On June 22, 2018, Plaintiff filed a motion for summary judgment. (DE [45]). Shortly thereafter, the Finleys filed for bankruptcy, resulting in an automatic stay of this action. (DE [50]-[51].) In August 2019, the Finleys' bankruptcy proceedings concluded and the automatic stay was lifted, (DE [55]), at which time Judge Spatt – who was the District Judge previously assigned to this action – reinstated Plaintiff's summary judgment motion and referred it to this Court for a recommendation as to whether the motion should be granted and, if so, to determine what relief, if any, to be awarded. (DE [58].)

On June 30, 2020, this Court issued a Report and Recommendation ("June 30, 2020 R&R") recommending that Plaintiff's motion for summary judgment be granted and that Plaintiff be awarded the unpaid principal and interest due and owing under the Note. (DE [59].) The Court also recommended that Plaintiff be awarded its requested attorney's fees, but only a portion of its requested costs, in light of the fact that receipts or other documentary evidence of such costs were not submitted. (DE [59].)

On July 31, 2020, the District Court adopted this Court's June 30, 2020 R&R and granted Plaintiff leave to renew its request for the costs that this Court recommended be denied. (Elec. Order of Brown, J., dated July 31, 2020.) After being granted an extension of time within which to make such a motion, Plaintiff filed its renewed motion on September 30, 2020. (DE [67].) The motion was referred to this Court by Judge Brown on October 2, 2020. (Elec. Order of Brown, J., dated Oct. 2, 2020.)

## DISCUSSION

I.      Legal Standard for Awarding Costs

Reasonable and identifiable out-of-pocket disbursements ordinarily charged to clients are recoverable. See LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998). However,

the party seeking to recover costs "bears the burden of adequately documenting and itemizing the costs requested." Ganci v. U.S. Limousine Serv. Ltd., No. 10-cv-3027, 2015 WL 1529772, at *8 (E.D.N.Y. Apr. 2, 2015) (quoting Pennacchio v. Powers, No. 05-cv-985, 2011 WL 2945825, at *2 (E.D.N.Y. July 21, 2011)).

Here, Plaintiff seeks to recover the following costs associated with this action: (1) $356.07 in pre-acceleration late charges; (2) $8,909.00 in hazard insurance disbursements;[1] (3) $56,508.13 in tax disbursements; (4) $1,516.00 in property inspection/preservation disbursements; and, (5) $1,250.00 in broker price opinion disbursements, for a total award of costs in the amount of $67,463.20. In support of its motion, Plaintiff offers the September 22, 2020 declaration of Angelo Angelilli ("Angelilli"), Assistant Secretary of LoanCare LLC ("LoanCare"), who is the mortgage servicing agent for Plaintiff, as well as the Mortgage and Note.

In his declaration, Angelilli states that in the "regular performance of [his] job functions," he is familiar with the business records maintained by LoanCare in connection with the servicing of mortgage loans. (Angelilli Decl. ¶ 1.) Angelilli's Declaration then sets forth a breakdown of all of the expenses incurred, as well as the disbursements made, by Plaintiff in connection with Defendants' mortgage loan, based upon his review of the business records kept by Plaintiff.

Plaintiff also points to the Mortgage itself, which provides that Defendants were required to pay taxes, (Mortgage ¶ 3-4), and hazard insurance premiums. (Mortgage ¶3, ¶5). Moreover, pursuant to the Mortgage, if Defendants failed to maintain hazard insurance, Plaintiff was

---

[1] Plaintiff's motion papers state that they are seeking $9,909.00 in hazard insurance disbursements. However, their initial motion for summary judgment sought $8,909.00 in such disbursements. Moreover, the total amount of costs sought of $67,463.20 appears to reflect hazard insurance disbursements in the amount of $8,909.00. Accordingly, the Court assumes that the $9,909.00 stated in Plaintiff's renewed motion papers is a clerical error.

3

permitted to obtain such insurance coverage at its option and Plaintiff's expense. (Mortgage ¶ 5.) In addition, the Mortgage provides that if Defendants fail to fulfill their duties under the Mortgage, Plaintiff was permitted to protect and/or assess the value of the Property and to secure and/or repair the Property. (Mortgage ¶ 9.) Finally, the Note herein mandates the imposition of late charges in the amount of two percent of the overdue payment if the monthly mortgage payment was not received by the fifteenth calendar day after the date it was due. (Note ¶ 6.)

"Affidavits, declarations, and loan document are sufficient to establish damages with respect to advances paid by a mortgagee on behalf of a mortgagor in a foreclosure action." Freedom Mortgage Corp. v. Ervin, No. 18-CV-1082, 2019 WL 2436298, at *7 (E.D.N.Y. Feb. 12, 2019), adopted by, 2019 WL 2511873, at *1 (E.D.N.Y. June 18, 2019) (citing CIT Bank, N.A. v. Seeram, No. 16 CV 2608, 2017 WL 8220204, at *4 (E.D.N.Y. Feb. 15, 2017), adopted by, 2018 WL 1308003, at *1 (E.D.N.Y. Mar. 13, 2018)) (additional citation omitted). By submitting Angelilli's Declaration, along with the Mortgage and the Note, Plaintiff has sustained its burden of demonstrating its entitlement to the costs it seeks to be awarded.

Accordingly, this Court respectfully recommends that Plaintiff's motion for renewed damages be granted and that Plaintiff be awarded $356.07 in pre-acceleration late charges, $8,909.00 in hazard insurance disbursements, $56,508.13 in tax disbursements, $1,516.00 in property inspection/preservation disbursements, and $1,250.00 in broker price opinion disbursements, for a total award of costs in the amount of $67,463.20.

## RECOMMENDATION

For the foregoing reasons, this Court respectfully recommends that Plaintiff's motion for renewed damages be granted and that Plaintiff be awarded the following: (1) $356.07 in pre-acceleration late charges; (2) $8,909.00 in hazard insurance disbursements; (3) $56,508.13 in tax

disbursements; (4) $1,516.00 in property inspection/preservation disbursements; and, (5) $1,250 in broker opinion disbursements, for a total award of costs in the amount of $67,463.20.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served on counsel. Further, the Court is directing Plaintiff's counsel to serve a copy of this Report and Recommendation by overnight mail and first-class mail to Defendants at their last known addresses and to file proof of service on ECF by May 14, 2020. Any written objections to the Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals. Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").

**SO ORDERED.**

Dated: Central Islip, New York
　　　　May 12, 2020

　　　　　　　　　　　　　　　　　　　　　　 /s/ Anne Y. Shields
　　　　　　　　　　　　　　　　　　　　　　ANNE Y. SHIELDS
　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

5